UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HANNAH SUES, Owner of the Doober brand and Flipt Industries LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ERICK QUASHIE, et al.,<br><br>    Defendants. | Civil Action No. 25-CV-11927-AK |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

Plaintiff Hannah Sues ("Sues"), a resident of Canton, Ohio, initiated this action by filing a self-prepared complaint alleging, among other things, infringement of her "Doober" trade name. [Dkt. 1]. According to the complaint, Sues formed a business venture for a medical marijuana delivery service and registered the names Flipt Industries LLC and Doober, Inc. with the Ohio Secretary of State. Id. Named as defendants are Facebook, YouTube, LinkedIn, Tucows Domains, Inc., a Massachusetts attorney, and a Massachusetts resident. Id. For the reasons set forth below, the Court **DENIES** without prejudice the motions: for preliminary injunction [Dkt. 5]; for default judgment [Dkt. 7]; to compel issuance of summons [Dkt. 18];and for appointment of counsel [Dkt. 19]. The Court **DENIES AS MOOT** her first motion for leave to amend [Dkt. 16], as she may file an amended complaint at this stage without leave of court. The Court **DENIES AS MOOT** the motion requesting judicial review [Dkt. 21].

1

## I.  IFP Application

Upon review of the motion for leave to proceed *in forma pauperis* [Dkt. 2] and affidavit in support thereof [Dkt. 20], the Court **ALLOWS** the motion for leave to proceed *in forma pauperis* to the extent that Sues is pursing claims on her own behalf.  Although Sues brings the complaint individually, she describes herself as the owner of the Doober brand and Flipt Industries LLC.  Absent proof that Sues is a licensed attorney admitted to practice before this Court, she may not represent these entities, nor can they proceed *in forma pauperis*.  See D. Mass. Local Rule 83.5.5(c); Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 199-206 (1993).  While Sues may proceed *pro se*, Doober and Flipt Industries must be represented by counsel to assert claims and they must pay the $405 filing fee.

## II.  Motion for Preliminary Injunction

Sues requests that the Court order defendants to: (1) "immediately cease and desist" all use of the "Doober" name, brand, domain, or likeness; (2) remove existing infringing content from online platforms; (3) refrain from registering or redirecting domains containing the Doober name; and (4) refrain from disabling Sues's business accounts while litigation is pending.  [Dkt. 5 at 2].  The motion fails because it does not certify in writing any effort to provide notice to defendants, as required by Fed. R. Civ. P. 65(a)(1), and it is unsupported by a separate memorandum of reasons and evidentiary materials, in violation of Local Rule 7.1(b)(1).  Accordingly, the motion is **DENIED** without prejudice.

## III.  Motion for Default Judgment

Sues seeks default judgment [Dkt. 7], claiming that defendants were served in accordance with Rule 4 and that proofs of service are on file.  However, summons have not issued, making proper service impossible.  The motion is therefore **DENIED**.

### IV.     Motions for Appointment of Counsel and to Compel Issuance of Summons

Because Sues not yet been found indigent, and given the early stage of this litigation, her request for appointment of counsel [Dkt. 19] is **DENIED**.  Her motion to compel issuance of summons [Dkt. 18] is also **DENIED**, as the Court will not direct issuance until the filing fee issue is resolved, either by payment in full or by granting of *in forma pauperis* status, and the complaint is preliminarily screened.

### V.     Motion for Leave to File Amended Complaint

Under Fed. R. Civ. P. 15(a)(1)(B), a party may amend her complaint once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or a Rule 12 motion, whichever is earlier.  Sues is therefore not required to seek leave at this time.  The motion [Dkt. 16] is **DENIED AS MOOT**.  Sues is reminded that an amended complaint replaces the original.  See Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011).

### VI.     Order

1. Plaintiff's IFP Application [Dkt. 2] is **GRANTED** to the extent that Sues is pursuing claims on her own behalf.

2. Plaintiff's motion for preliminary injunction [Dkt. 5] is **DENIED WITHOUT PREJUDICE.**

3. Plaintiff's motion for default judgment [Dkt. 7] is **DENIED**.

4. Plaintiff's motion to compel issuances of summons [Dkt. 18] is **DENIED**.

5. Plaintiff's motion for appointment of counsel [Dkt. 19] is **DENIED**.

6. Plaintiff's motion for leave to file an amended and supplemental complaint [Dkt. 16)] is **DENIED AS MOOT**. Pursuant to Rule 15(a)(1)(B), Sues may file an amended complaint without leave of court.

7. Plaintiff's motion for judicial review [Dkt. 21] is **DENIED AS MOOT** in light of the Court's adjudication of all other pending motions.

**SO ORDERED.**

Dated: August 15, 2025                                          /s/ Angel Kelley_____
                                                                Hon. Angel Kelley
                                                                United States District Court Judge